UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TERRENCE WALTERS,<br><br>              Defendant. | Criminal No. 07-565M (AK) |

**DETENTION MEMORANDUM**

The Defendant, Terrence Walters, has been charged by complaint with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).  The government requested a detention hearing, which was held on November 20, 2007.  At the conclusion of the hearing, the Court found that the Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Detective Glenn Lupino of the United States Park Police Criminal Investigations Branch (Major Crimes Unit) testified for the government.  Detective Lupino testified that on November 14, 2007, at approximately 7:53 p.m., he, along with other Park Police officers, was in an unmarked police cruiser at a traffic light at the intersection of South Capitol and Galveston Streets, S.W., Washington, D.C.  Detective Lupino observed a vehicle at the same intersection that was also stopped at the traffic light.  Detective Lupino's vehicle was on South Capitol Street and the other vehicle was on Galveston Street.  After the

light changed, the other vehicle began to drive and continued to travel for approximately thirty seconds. During this time, Detective Lupino had the opportunity to observe the driver, who he identified in court as the Defendant.

The Park Police officers pulled the Defendant's vehicle over and conducted a search of both the Defendant's person and his vehicle. From the Defendant's right, front jacket pocket the officers recovered three grams of marijuana wrapped in cellophane. The Defendant also had $2,361 on his person - $361 in his left, front pants pocket and $2,000 in his right, front pants pocket. The officers also located a backpack on the floorboard behind the passenger seat. Inside the backpack was 519 grams of a powder substance that field-tested positive for cocaine, which was packaged inside a large ziplock freezer bag, and a Taurus 9mm semi-automatic handgun. The gun was loaded and later determined to be operable. Also inside the backpack was mail matter and Bank of America documents bearing the Defendant's name, Defendant's passport, and a wallet that contained the Defendant's driver's license.

Detective Luppino testified that the street value of the cocaine located inside the backpack was $51,900, or $100 per gram. He further testified that this quantity of cocaine is consistent with an intent to distribute rather than personal use.

On November 19, 2007, Detective Luppino and Investigator Kennes of the Park Police executed a search warrant on 3790 Martin Luther King Avenue, S.E., Apartment 7B, Washington, D.C. They believed that this apartment belonged to the Defendant based on mail matter found in the backpack and the fact that the Defendant's name was on the mail box. Inside the apartment, the officers located a total of thirty-three grams of a rock substance that field-tested positive for crack cocaine. Twenty-nine grams were located in a cabinet above the

refrigerator and four grams were located in a shoe box in the apartment's only bedroom.  The officers found drug paraphernalia, including scores of empty ziplock bags, electric scales, silverware with white powder residue, a white pot with white powder residue, and three large plastic bags with duct tape and white powder residue.  The officers also found tally sheets that contained names and phone numbers and the word "weed."  Finally, the officers located an unloaded .380 caliber semi-automatic handgun, a loaded .45 caliber semi-automatic handgun, ammunition for the .45 caliber weapon, a magazine to a Glock .40 caliber handgun, and a cleaning kit for a .22 caliber handgun.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."  18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Having heard the testimony at the November 20, 2007 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1). When, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the

safety of the community. 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant. The Defendant is charged with possession with intent to distribute cocaine, a serious drug-related charge carrying a prison sentence of ten years or more. Moreover, the quantity of cocaine that the Defendant possessed - 519 grams - is substantial and has a street value of over $50,000. The Defendant also was in possession of three semi-automatic weapons - one in his backpack and two in his apartment - as well as ammunition and a cleaning kit that suggest he has at least two other weapons.

The second factor, the weight of the evidence, favors detention for the Defendant. The 519 grams of cocaine were found in a backpack in a car that the Defendant was driving. The backpack also contained identification documents and mail matter that belonged to the Defendant.

The third factor, the history and characteristics of the Defendant, favors detention as well. The Defendant has a 1992 conviction for possession of a weapon.

The fourth factor, the nature and seriousness of the danger to the community should the

Defendant be released, also favors detention.  Although the Defendant is not charged with a firearms violation, his possession of several weapons and a large quantity of cocaine demonstrate that he poses a danger to the community.  The rampant epidemic of drug-related shootings and murders reported daily by the news media demonstrate the extent to which unlawful possession of a firearm and drug trafficking wreak havoc on our communities, no place more so than in the District of Columbia.

## Conclusion

Based upon consideration of the facts presented at the preliminary and detention hearings, and the factors set forth in § 3142(g), the Court concludes that Defendant has failed to overcome the presumption in favor of detention established by the Bail Reform Act.  The Court thus finds by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community.  The government's motion for pretrial detention is therefore granted.


Dated: November 20 , 2007                         /s/
                                                  ALAN KAY
                                                  UNITED STATES MAGISTRATE JUDGE